UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
CORT CORWIN, Individually and :
on Behalf of All Others Similarly Situated, :
: Case No. 1:19-cv-2115
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 12, 14]
VIEWRAY, INC., SCOTT DRAKE, :
AJAY BANSAL, and JAMES F. DEMPSEY, :
Defendants. :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Cort Corwin has filed a class action lawsuit against Defendants alleging securities fraud. Corwin and putative class members Plymouth County Retirement Association (Plymouth) and David Bedell both separately ask for appointment as lead plaintiff and lead counsel.

For the reasons stated below, the Court **GRANTS** Plymouth County Retirement Association's motions to be appointed lead plaintiff and have its attorneys appointed lead counsel. The Court **DENIES** Bedell's motions to be appointed lead plaintiff and have his attorneys appointed lead counsel.

I. Background

On September 13, 2019 Plaintiff Corwin sued Defendants ViewRay, Inc., Scott Drake, Ajay Bansal, and James Dempsey.[1] With his complaint, Corwin alleges that, beginning in March 2019, Defendants "disseminated or approved . . . false or misleading statements" that artificially inflated the prices for ViewRay common stock.[2] Corwin states

---
[1] Doc. 1.
[2] *Id.* at 6, 19-20.

that the stock prices later fell significantly in August 2019 when ViewRay announced quarterly results that were different from Defendants' earlier statements.[3] Corwin suggests that there is a class of investors who were damaged when they purchased ViewRay stock at artificially high prices between March 15, 2019, and August 8, 2019 (the class period).[4]

Corwin asks the Court to choose him as lead plaintiff.[5] On September 13, Corwin filed a public notice of the class action in BusinessWire.[6]

Thereafter other investors in the putative class filed similar motions asking to be appointed lead plaintiff.[7] On November 8, 2019 Plymouth filed motions to be appointed lead plaintiff and to have the Court appoint their attorneys, Scott+Scott, as lead counsel.[8] On November 12, 2019, Bedell filed motions for appointment as lead plaintiff and to have the court appoint Glancy Prongay & Murray LLP, as lead counsel.[9]

## II.    Standard

The Private Securities Litigation Reform Act (PSLRA) controls private securities-related class actions.[10] The PSLRA requires the plaintiff to give public notice of the proposed class action that includes notice to any member of the purported class of their ability to serve as lead plaintiff.[11] The PSLRA instructs courts to "consider any motion made by a purported class member in response to the notice, . . . and [] appoint as lead

---

[3] *Id.* at 11-13.
[4] *Id.*
[5] *Id.* at 21.
[6] Doc. 13-2.
[7] On November 12, 2019, putative class member Henry Wright filed a motion for appointment of lead plaintiff and lead counsel. Doc. 15. Wright subsequently filed a motion to withdraw these motions, which the Court granted. Doc. 19, 20.
[8] Doc. 12.
[9] Doc. 14. Bedell has also filed a notice of non-opposition to the competing motions for appointment of lead plaintiff and lead counsel. Doc. 17.
[10] 15 U.S.C. § 78u-4(a)(1).
[11] *Id.* § 78u-4(a)(3)(A)(i).

plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ."[12]

To identify the "most adequate plaintiff," section 78u-4(a)(3)(B)(iii) of the PSLRA provides a presumption that the most adequate plaintiff is:

> the person or group of persons that---
>
> > (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[13]

The PSLRA allows a member of the purported class to rebut the presumption that the statutorily favored representative is the most adequate plaintiff if that member provides proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."[14]

### III. Discussion

---

[12] *Id*. § 78u-4(a)(3)(B)(i).

[13] Federal Rule of Civil Procedure 23 permits class actions only if:

(1) The class is so numerous that joinder of all members is impracticable;
(2) There are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) The representative parties will fairly and adequately protect the interests of the class.

[14] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Case No. 1:19-cv-2115
Gwin, J.

The Court must decide whether Corwin, Plymouth, or Bedell is the most adequate plaintiff. To do so, the Court considers each prong of the PSLRA's presumption as it applies to each potential lead plaintiff.

First, the Court considers who filed the complaint or moved for appointment. Corwin filed the complaint.[15] Putative class members Plymouth and Bedell timely moved for appointment in response to Corwin's published notice.[16] This factor thus favors no individual party.

Second, the Court considers who has largest financial interest in the relief sought by the class. The parties have varying financial interests in the litigation. Corwin purchased 500 shares during the class period and has not claimed a specific loss amount.[17] Plymouth purchased 28,782 shares during the class period and claims to have lost approximately $175,750.[18] Bedell purchased 1,219 shares during the class period and claims to have lost approximately $5,479.[19] The PSLRA thus favors Plymouth as the presumptively most adequate plaintiff because it has the largest financial interest in the relief sought by the class.

Finally, the PSLRA directs consideration of whether the party "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."[20] Two of the four requirements in Rule 23 are applicable to class representatives: whether the claims or defenses of the representative parties are typical of the claims or defenses of the class and

---

[15] *Id.* § 78u-4(a)(3)(A)(i)(I)(aa); *see also* Doc. 1.
[16] 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)(aa); *see also* Docs. 12, 14.
[17] Doc. 1 at 23.
[18] Doc. 13-4.
[19] Doc. 14-5.
[20] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

whether the representative party will fairly and adequately protect the interests of the class.[21]

Here each of the potential lead plaintiffs raise claims that are typical of the potential class claims. Each purchased ViewRay common stock during the class period and each allegedly suffered damages resulting from Defendant's arguably false and misleading statements.

All potential lead plaintiffs will also fairly and adequately protect the interests of the class. "The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.' "[22]

Each potential lead plaintiff has allegedly suffered similar harm resulting from Defendant's actions and each has a common interest in the relief sought. And each has retained competent counsel.[23] This factor thus does not favor any individual party.

Considering the PSLRA's three factors, Plymouth is presumptively the most adequate plaintiff. The Court therefore appoints Plymouth to be lead plaintiff.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plymouth's motions to appoint itself as lead plaintiff and Scott+Scott as lead counsel. The Court **DENIES** Bedell's motions to

---

[21] *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (S.D. Ohio 2005).
[22] *Wojno v. Firstmerit Corporation*, 5;16-cv-0461, 2016 WL 8674644, at *4 (N.D. Ohio July 8, 2016) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012)).
[23] *See* Docs. 12, 14-1 at 7, 15-1 at 9; *cf.* Doc. 1 at 21.

Case No. 1:19-cv-2115
Gwin, J.

appoint himself as lead plaintiff and Glancy Prongay & Murray LLP as lead counsel. The Court appoints Plymouth as lead plaintiff and Scott+Scott as lead counsel.

IT IS SO ORDERED.

Dated: December 19, 2019      *s/    James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE